# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| LASQUES (VACQUES) PRUDHOMME | CIVIL ACTION NO. 17-1344 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SHERIFF JAY RUSSELL IN HIS OFFICIAL CAPACITY, ET AL. | MAG. JUDGE KAREN L. HAYES |

--Consolidated with—

| | |
|---|---|
| LESLIE REED AND OTIS MCGINNIS | CIVIL ACTION NO. 17-1382 |
| VERSUS | |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL. | |

## RULING

Pending before the Court are a Motion Regarding Paternity/Filiation [Doc. No. 58] and Motion for Sanctions Against Leslie Reed McGinnis [Doc. No. 80] filed by Plaintiff Lasques Vacqques Prudhomme ("Prudhomme"). On December 17, 2018, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 86] after having conducted a hearing on the Motion Regarding Paternity/Filiation. Magistrate Judge Hayes recommended that these matters be unconsolidated, that Prudhomme's motions be denied, and that Prudhomme's claims be dismissed without prejudice, resulting in the closure of Civil Action No. 17-1344. On December 31, 2018, Prudhomme filed objections to the Report and Recommendation. [Doc. No. 87].

Having conducted a *de novo* review of the record, the Court agrees with and ADOPTS the Report and Recommendation of Magistrate Judge Hayes. The Court issues this Ruling to

address the case law cited by Prudhomme in support of his objections to Magistrate Judge Hayes' recommendation on his Motion with Regard to Paternity/Filiation.

Prudhomme contends that he was the father of Brandon Jamal Reed ("Brandon"), who died while in Defendants' custody. In his October 19, 2017 Complaint, he asserted claims against Defendants, identifying Brandon as his "son" in the Complaint. However, Leslie Reed and Otis McGinnis also asserted claims against Defendants on the basis of their status as Brandon's mother and father, respectively. Because of the conflicting paternity claims, the Court raised the issue of paternity. On October 8, 2018, Prudhomme filed the instant Motion Regarding Paternity/Filiation, and Magistrate Judge Hayes held a hearing on October 24, 2018.

After the hearing, on November 7, 2018, Prudhomme filed the instant Motion for Sanctions against Leslie Reed McGinnis, contending that she made fraudulent and perjurious statements at the hearing when she said that she was "not for sure" whether Prudhomme was Brandon's father.

In her December 17, 2018 Report and Recommendation, Magistrate Judge Hayes recounted the facts, including the fact that Otis McGinnis was listed on the father on Brandon's birth certificate and signed the birth certificate. Two years after Brandon's birth, McGinnis married Leslie Reed McGinnis. Because Brandon was legally presumed to be McGinnis' child, Magistrate Judge Hayes concluded that, under Louisiana Civil Code Article 198, Prudhomme was required to and failed to timely file an avowal action within one year of Brandon's birth (absent the bad faith of the mother) or one year from Brandon's death (on October 26, 2016). Magistrate Judge Hayes further found that Prudhomme's October 19, 2017 Complaint did not

contain facts sufficient to assert an avowal action within year of his death and that, even if it did, the evidence presented at the hearing was insufficient to meet the requirements of Article 198.

In his objections, Prudhomme cites the Court to *Udomeh v. Joseph*, 103 So.3d 303 (La. 2012), and *Miller v. Thibodeaux*, 159 So.3d 426 (La. 2015), for the proposition that simply filing a wrongful death action within one year of the death of the child would be enough to make a timely avowal action under Article 198. However, both of the cited cases involved situations in which the minor had not been presumed to be the child of another man. In this case, however, as Magistrate Judge Hayes recognized, Brandon **was** presumed to be the child of another man, McGinnis. Therefore, Article 198 requires an avowal action be instituted within one year from the birth of a child. As previously stated, the Court additionally agrees with and ADOPTS Magistrate Judge Hayes' remaining facts and analysis.

Accordingly, the Court will order that the instant cases, Civil Action Nos. 17-1344 and 17-1382, be unconsolidated, that Prudhomme's Motion for Sanctions, and associated request for fees [Doc. No. 80] be denied, that Prudhomme's Motion Regarding Paternity/Filiation [Doc. No. 58] be denied, and that Prudhomme's federal and state law claims against all Defendants be dismissed without prejudice.

MONROE, LOUISIANA, this 2nd day of January, 2019.

_____
Terry A. Doughty
United States District Judge